UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM HARRIS, a Washington Resident,<br><br>                Plaintiff,<br><br>    v.<br><br>SEARS HOLDINGS CORPORATION, a Delaware Corporation,<br><br>                Defendant. | CASE NO. 10-1339 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND TO STRIKE, AND DENYING PLAINTIFF'S MOTION TO STRIKE |

    This comes before the Court on Defendant's Motion for a More Definite Statement and to Strike (Dkt. No. 5.)  Having reviewed the motion, Plaintiff's response (Dkt. No. 6), Defendant's reply (Dkt. No. 7), Plaintiff's Motion to Strike Defendant's Reply (Dkt. No. 8), and Defendant's response to Plaintiff's motion to strike (Dkt. No. 9), the Court GRANTS in part and DENIES in part Defendant's Motion for a More Definite Statement, DENIES Defendant's Motion to Strike, and DENIES the Plaintiff's Motion to Strike Defendant's Reply.

//


**Background**

On July 21, 2010, William Harris filed a complaint pro se against Sears Holdings Corporation for breach of implied contract, promissory estoppel, defamation, tortious interference with contractual relations, negligent infliction of emotional distress, and the tort of outrage. In his complaint, Plaintiff alleged (1) his contract with Defendant was wrongfully terminated due to an Internal Revenue Service decision regarding independent contractors, and (2) "false statements were made" suggesting Plaintiff was terminated due to poor performance. (Dkt No. 1-1.) On August 24, 2010, the Defendants filed a motion for a more definite statement and to strike. (Dkt. No. 5). The motion was noted for September 10, 2010. On September 9, 2010, Defendant filed a reply which was mailed to the Plaintiff via U.S. mail and e-mail. The Plaintiff was unable to open an e-mail attachment from Defendant and, therefore, filed a Motion to Strike Defendant's Reply for failure of service. (Dkt. No. 8).

**Analysis**

1. <u>Defendant's Motion for a More Definite Statement</u>

As a pro se litigant, the Plaintiff is allowed more leniency with respect to the Federal Rules of Civil Procedure ("FRCP") and Local Rules than would otherwise apply to lawyers filing a complaint on behalf of a client. <u>Woods v. Carey</u>, 839 F. 2d 622 (9th Cir. 1988). However, a pro se litigant's "pleadings nonetheless must meet some minimum threshold in providing defendant with notice of what it is that it allegedly did wrong." <u>Brazil v. U.S. Dept. of Navy</u>, 66 F.3d 193, 194 (9th Cir. 1995). Under FRCP 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

In this case, the Court finds the Plaintiff's complaint is ambiguous and prevents the Defendant from adequately filing a response and/or defense. To ensure the Defendant has fair notice of the claims, the Court directs the Plaintiff to file an amended complaint properly formatted which clarifies the following:

1. The specific contract or contracts alleged to be breached.
2. The role of Plaintiff's own company in his complaint.
3. The identity of individuals alleged to have made false statements against Plaintiff.
4. The identity of any other parties involved in the dispute.

In granting Defendant's motion in part, the Court does not require Plaintiff provide Defendant with information more appropriately disclosed during discovery, such as documents relating to Plaintiff's previous arbitrations or bankruptcy proceedings.

2. <u>Defendant's Motion to Strike</u>

The Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." <u>United States v. Wong</u>, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005) (quotation omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev'd on other grounds, 510 U.S. 517 (1994).

In this case, Defendants have not demonstrated that the allegations are immaterial. The allegations appear to relate to Plaintiff's employment duties, breach of his implied contract, and the manner in which he learned of his termination. The allegations are not "superfluous historical allegations." <u>Fogerty</u>, 984 F.2d at 1527 (affirming an order striking allegations as to

1  past conduct that was unrelated to the actionable claim and which only related to a claim that
2  would have otherwise been time-barred).  The allegations relate to Plaintiff's claims and are not
3  pleaded merely to harass Defendants or increase the costs and time necessary to litigate this
4  matter.  Therefore, to the extent Plaintiff provides a more definite statement in his amended
5  complaint, the Court does not strike matters Defendant claims to be redundant or immaterial.
6  3.  Plaintiff's Motion to Strike Defendant's Reply
7  The Court finds Plaintiff was properly and timely served when Defendant mailed the
8  reply on September 9, 2010.  See FRCP 5(b)(2)(C); CR 7(d)(3).  Therefore, Plaintiff was not
9  unfairly prejudiced by Defendant's filing of the reply one day before or on the noting date
10 regardless of Plaintiff's ability to open Defendant's courtesy e-mail.

**Conclusion**

12 The Court GRANTS in part and DENIES in part the Defendant's Motion for a More
13 Definite Statement, DENIES in part the Defendants Motion to Strike, and DENIES the
14 Plaintiff's Motion to Strike Defendant's Reply.   In so ordering, the Court directs Plaintiff to file
15 an amended complaint, as set forth above, within 14 days of this Order.
16 The Clerk is directed to send a copy of this order to all counsel of record and mail a copy
17 to Mr. Harris.
18 Dated this 12th day of October, 2010

Marsha J. Pechman
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT AND TO STRIKE, AND
DENYING PLAINTIFF'S MOTION TO STRIKE- 4