UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM HARRIS,

Plaintiff,

v.

SEARS HOLDING CORPORATION,

Defendant.

CASE NO. 2:10-cv-01339-MJP

ORDER

This comes before the Court on Defendant's motion to dismiss (Dkt. No. 14), Plaintiff's motion for summary judgment (Dkt. No. 15), Plaintiff's motion to amend his opposing brief (Dkt. No. 22), and Defendant's duplicative motions for a protective order (Dkt. No. 27 and 29). Having reviewed the motions, the responses, the replies, and all related documents, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss, DENIES Plaintiff's motion for summary judgment, GRANTS Plaintiff's motion for leave to amend his opposing brief, and DENIES Defendant's request for a protective order.

\\

\\

## Background

Plaintiff William Harris ("Harris") is a pro se litigant suing Defendant Sears Holding Co. ("Sears") for breach of an implied contract, promissory estoppel, defamation, tortious interference with contractual relations, negligent infliction of emotional distress and outrage. (Dkt. No. 12 at 4.) Harris claims Defendant wrongfully terminated him from his position as a delivery contractor in March 2008. (Id.) Specifically, Harris alleges he entered into a voluntary agreement with Chris Koenig, a Sears manager, in which Harris agreed to "provide a whole range of services" in exchange for "certain contract protections." (Id. at 2.)

In addition, Harris alleges Defendant is liable for the conduct of its acting representative, Ricardo Sierra. Sierra was an employee of 3PD, Inc., a third-party company who manages the relationship between Sears and independent contractors. Harris claims, when he was fired, Sierra threatened him with violence if he did not surrender his private delivery truck and falsely stated in a staff meeting that Harris was terminated due to poor performance. (Id. at 4). According to the complaint, Defendant retains possession of the delivery truck. (Id.)

## Analysis

A. Plaintiff's Motion to Amend Opposing Brief

As a preliminary matter, Harris requests the Court consider his amended brief in response to Defendant's motion to dismiss. Given that Defendant makes no objections, the Court GRANTS Harris's request to consider both versions of Harris's response brief.

B. Defendant's Motion to Dismiss

Defendant seeks to dismiss all of Harris's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 545, 127 S.Ct. 1955) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949).

Generally, "[t]he Court may not consider matters outside the pleadings" without converting the 12(b)(6) motion into a motion for summary judgment. In re Hawaiian & Guamanian Cabotage Antitrust Litig., 647 F.Supp.2d 1250, 1267 (W.D.Wash.2009); see also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001); see Fed.R.Civ.P. 12(d). The Court must accept plaintiffs' factual allegations as true, but need not accord the same deference to legal conclusions. Id. at 1949-150 (citing Twombly at 555, 127 S.Ct. 1955). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, at 1950 (citation omitted).

a. Breach of Implied Contract

Defendant argues Harris's claim for breach of contract should be dismissed because he has failed to allege the existence of either a contract implied in fact or a contract implied by law.

The Court DENIES Defendant's motion to dismiss because Harris has alleged the minimal facts necessary for breach of a contract implied by law.

i. Contract Implied in Fact

A contract implied in fact arises by inference or implication from the parties' acts and conduct viewed in light of surrounding circumstances and not from written or spoken words. Milone & Tucci, Inc. v. Bona Fide Builders, Inc., 301 P.2d 759, 762 (Wn. 1956). Like an express contract, it grows out of the intentions of the parties to the transaction, and there must be a meeting of minds. Id.

Here, Harris's amended complaint alleges that, in 2001, "[D]efendant solicited Plaintiff to enter into a contract to provide a whole range of services . . . [and] [a]n important part of the agreement was that Plaintiff would receive certain contract protections for extending himself beyond what was required of any other contractor." (Dkt. No. 12.) References to "a whole range of services" and "certain contract provisions" is too broadly stated to support a claim for breach of contract implied in fact. Even considering Harris's statements outside of the pleadings, including his submission of business cards and assertions that he "discuss[ed] upcoming projects" and "discuss[ed] services that Defendant wanted rendered," Harris does not plausibly allege a meeting of the minds occurred which would establish a contractual nature of Harris's business relationship with Defendant. (Dkt. No. 15 at 3-4.)

The Court finds the pleadings fail to state a claim for breach of contract implied in fact.

ii. Contract Implied in Law

A contract implied in law, or quasi contract, is not based on any contract between the parties or upon any consent or agreement; they are based upon the fundamental principle of justice that no one should be unjustly enriched at the expense of another. Id. at 761. It applies

when money or property has been placed in one person's possession such that in equity and good conscience he should not retain it. Family Medical Bldg., Inc. v. State, Dept. of Soc. & Health Svcs, 702 P.2d 459, 463 (Wn. 1985).

Here, Harris has not sufficiently alleged unjust enrichment with respect to terminating his employment. But Harris has alleged Sierra intimidated him into relinquishing his vehicle and that Defendant retains possession of Harris's personal vehicle. While this may be more readily handled by a tort claim, read in a light most favorable to Harris, the factual pleading is sufficient to suggest Defendant has been unjustly enriched at the expense of Harris. The Court finds Harris has pled sufficient facts for breach of contract implied in law.

b. Promissory Estoppel

Promissory estoppel requires (1) a promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise. Havens v. C&D Plastics, Inc., 876 P.2d 435, 442 (Wn. 1994).

Here, Defendant suggests Harris's inability to point to a contract precludes his claim. Defendant's argument fails. While Harris's pleading was insufficient for a contract implied in fact, Harris asserts a promise was made on which he reasonably relied. Specifically, Harris alleges he provided services to Defendant beyond that which is normally required of other contractors in exchange for contract protections. This is sufficient for a claim based on promissory estoppel, which does not require proof of a contract for Defendant to be held liable.

The Court DENIES Defendant's motion to dismiss Harris's promissory estoppels claim.

c. Defamation

In Washington, defamation claims must be commenced within two years of the date of the alleged tortuous conduct. RCW 4.16.100(1); see also Snider v. Town of Rainier, 112 Wash. App. 1036 (Wn.App. 2002).

Here, Harris brought this action in July 2010, more than two years after the March 2008 meeting in which the allegedly defamatory statements were made. Although, in his amended opposition brief, Harris claims Mr. Sierra made similar defamatory statements at an arbitration hearing in January 2010, this is outside the scope of his allegations in his amended complaint. Harris's amended complaint does not make any reference to an arbitration hearing. Since any defamatory statements made in March 2008 are time-barred, Harris's defamation claim is dismissed.

The Court GRANTS Defendant's motion to dismiss Harris's defamation claim based on statute of limitations.

d. Tortious Interference with Contractual Relations

A claim for tortious interference with contractual relations requires a plaintiff plead (1) a valid contractual relationship; (2) defendant's knowledge of that relationship, (3) defendant's intentional interference inducing or causing breach or termination of the relationship, (4) improper purpose or improper means; and (5) damages. Leingan v. Pierce County Med. Bureau, Inc., 930 P.2d 288, 300 (Wn. 1997).

Here, Harris has failed to specify which contractual relationship was interfered with or what improper purpose or means Sears used to interfere with the contracts. In fact, it is somewhat unclear if Harris believes Sears interfered with his contract with 3PD, Inc. or if Harris believes Sears breached its own contract with Harris. The Court GRANTS Defendant's motion to dismiss Harris's claim for tortious interference with contractual relations.

        e. Negligent Infliction of Emotional Distress ("NIED")

Defendant contends Harris has no claim for NIED because he is not seeking to recover for intangible injuries received when viewing a loved one injured in an accident. While Defendant unduly limits the scope of NIED, the Court finds Harris fails to state a claim.

To prove NIED, the plaintiff must show duty, breach, causation, and damages. Moreover, the plaintiff must prove he has suffered emotional distress by objective symptoms, and the emotional distress must be susceptible to medical diagnosis and proved through medical evidence. Kloepfel v. Bokor, 66 P.3d 630, 633 (Wn. 2003).

Here, Harris claims "Defendant's [sic] actions resulted in his losing his entire livelihood, most of his possessions and the roof over his head. . . . As a result of eating from garbage dumpsters, Plaintiff became terribly ill, which was complicated by the fact that Plaintiff has a number of chronic medical conditions." (Dkt. No. 12 at 6). Although these facts are sympathetic, it is not enough for a negligence claim. Defendant's conduct may have caused Harris emotional distress, but Harris has not alleged Defendant owed him a duty or breached any standard of care. In addition, Harris fails to allege any objective symptom of emotional distress. In fact, Harris refers to "chronic" medical conditions, suggesting some of Harris's problems may have existed prior to his termination.

The Court GRANTS Defendant's motion to dismiss Harris's claim for negligent infliction of emotional distress.

f. Outrage

Defendant argues (1) it is not liable for intentional torts of employees or acting representatives and (2) Harris fails to plead the elements for a tort of outrage claim. The Court only finds second argument persuasive.

To the extent Defendant argues Harris has no claim because Defendant cannot be vicariously liable for an employee's intentional torts, however, Defendant's argument fails. In determining whether an employer is liable for the actions of its employees, "the proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct." Robel v. Roundup Corp., 148 Wash.2d 35, 621. (Wash. 2002). While Defendant relies on Niece v. Elmview Group Home, 131 Wash. 2d 39, 56 (Wash. 1997), "Niece . . . do[es] not stand for the proposition that intentional criminal conduct is per se outside the scope of employment." Id. at 620.

Here, it is unclear whether Sierra was employed by Sears or acted as its agent; however, the Court must take Harris's pleadings that Sierra was an acting Sears representative as true. Based on Harris's statement, Sierra demanded Harris turn over his truck to a secure Sears facility. This sufficiently suggests the tortious conduct occurred while Sierra was fulfilling his or her job functions on behalf of Defendant and Defendant may be vicariously liable.

Nevertheless, to state a claim for the tort of outrage, a plaintiff must show (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual severe emotional distress suffered by plaintiff. Birklid v. Boeing Co., 127 Wash.2d 853 (Wash. 1995). The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291 (1975).

Here, Harris has not alleged sufficient facts or circumstances to meet the tort of outrage. While Harris alleges Mr. Sierra threatened him, it is unclear the severity and/or nature of Mr.

Sierra's threats. The complaint does not suggest Mr. Sierra's actions were so outrageous to go beyond all possible bounds of decency.

The Court GRANTS Defendant's motion to dismiss the claim for the tort of outrage. While Defendant's argument that Sears cannot be held vicariously liable for the intentional torts of employees is overstated, Harris fails to plead the elements for the tort of outrage.

C. Plaintiff's Motion for Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there are no genuine issues of material fact for trial and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

    a. Failure to Answer Complaint – Default

Harris believes Defendant has defaulted by failing to answer his complaint. This belief is in error.

"[R]esponse to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). When a pleading is not personally delivered, "three days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d).

Here, Harris served his amended pleading on October 18, 2010 by electronic facsimile and first class mail. Defendant's response was, therefore, due seventeen (17) days after the amended pleading was filed, or November 4, 2010. Defendant filed a motion to dismiss on November 3, 2010. Since a motion to dismiss extends the period in which Defendant is required to respond and there is a preference to adjudicate actions on the merits, the Court finds Defendant is not in default. Fed. R. Civ. P. 12(a)(4)(A).

b. Contractual Relationship

Harris alleges he has substantial proof a contractual relationship existed. This is not enough to carry his burden at summary judgment. Under Rule 56(a), Harris has the burden to show the absence of a genuine issue concerning any material fact. Adickes, 398 U.S. at 159.

Here, the parties disagree as to whether a contractual relationship existed. Harris refers to various social engagements he attended with a Sears employee, Mr. Koenig, as evidence; however, he fails to provide sworn statements or verification of these events and/or communication. As Harris concedes "Koenig has not been deposed nor had a chance to submit sworn questions in this process." (Dkt. No. 23, Pg. 2.) Even if taken to be true, Harris's submissions of Mr. Koenig's business cards and a contract between Harris and 3PD, Inc., are not enough to show a contractual relationship existed with Defendant. The Court DENIES Harris's motion for summary judgment.

c. Interference with Plaintiff's Contract

Harris argues Defendant admits to interfering with his contract in its initial disclosures. This is not supported by the record. In its Fed. R. Civ. P. 26(a) disclosures, Defendant stated, "Sears expects [Mr. Koenig and Mr. Sierra] to provide and corroborate evidence that . . . any statements made by any Sears employee regarding the reason [he was terminated] were true or reasonably believe to be true and that Sears did not intentionally interfere with any of plaintiff's existing or prospective business relationships." (Dkt. No. 15-1.) The Court DENIES Harris's motion for summary judgment because Defendant does not admit to interference with contractual relations and a genuine issue of material fact remains.

d. Defendant's Ability to Refute Plaintiff's Allegations

Harris argues Defendant's inability to locate Sierra and failure to submit statements by Koenig warrants summary judgment in his favor. The argument is without merit. Whether on a motion for summary judgment or at trial, Harris bears the burden of proving his allegations, either by depositions or other means of discovery. It is not Defendant's responsibility to refute Harris's allegations. The Court DENIES Harris's motion for summary judgment on the basis of Defendant's inability to refute Plaintiff's claims.

D. Defendant's Motion for Protective Order

Defendant submitted duplicative motions[1] for a protective order. (Dkt. No. 27 and 29.) Defendant requested a stay of all discovery pending the Court's decision on the motion to dismiss. Since the Court now grants in part and denies in part Defendant's motion to dismiss, Defendant's request is moot. Discovery regarding remaining claims may proceed as scheduled. The Court expects Plaintiff's recently-filed motion to compel is likely to be moot because parties

---

[1] Defendant's motions are substantively identical. The difference is the amended motion for protective order includes certification that Defendant met the conferral requirement of Local C.R. 26(c)(1).

will engage in discovery pursuant to the Federal Rules of Civil Procedure; however, the Court reserves ruling until the motion is ripe for consideration on February 4, 2011. (See Dkt. No. 32.)

**Conclusion**

The Court GRANTS in part and DENIES in part Defendants' motion to dismiss. Because Harris fails to state a claim upon which relief can be granted, the Court GRANTS Defendant's motion to dismiss claims for defamation, tortious interference with contractual relations, negligent infliction of emotional distress, and outrage. The Court DENIES Defendant's motion to dismiss claims for breach of contract and promissory estoppel.

The Court DENIES Harris's moti on for summary judgment. As the plaintiff, Harris bears the burden of proving his allegations.

In addition, the Court GRANTS Harris's motion to amend his brief in opposition to the motion to dismiss. The Court DENIES Defendant's motion for a protective order because it is moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 22nd day of January, 2011.

Marsha J. Pechman
United States District Judge