UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM HARRIS, | CASE NO. C10-1339 MJP |
| Plaintiff, | ORDER ON RECONSIDERATION, DISCOVERY AND SANCTIONS |
| v. | |
| SEARS HOLDINGS CORPORATION, a Delaware Corporation, | |
| Defendant. | |

This comes before the Court on Defendant's motion for reconsideration (Dkt. No. 40), Defendant's motion for a protective order (Dkt. No. 42), and Plaintiff's motion for sanctions (Dkt. No. 46). Having reviewed the motions, the responses (Dkt. No. 45 and 49), the replies (Dkt. No. 47 and 51), and all related filings, the Court GRANTS Defendant's motion for reconsideration and a protective order and DENIES Plaintiff's motion for sanctions.

**Background**

Plaintiff William Harris ("Harris") is a pro se litigant suing Defendant Sears Holding Corporation ("Sears") for breach of an implied contract and promissory estoppel. Harris claims

ORDER ON RECONSIDERATION, DISCOVERY
AND SANCTIONS- 1

Defendant wrongfully terminated him from his position as a delivery contractor in March 2008. Specifically, Harris alleges he entered into a voluntary agreement with Chris Koenig, a Sears manager, in which Harris agreed to provide a range of delivery services in exchange for certain contract protections.  In addition, Harris alleges Defendant is liable for the conduct of its acting representative Ricardo Sierra.  Sierra was an employee of 3PD, Inc., which acquired Affinity Logistics, a third-party company who manages the relationship between Sears and independent contractors.

## Discussion

The parties' motions all relate to how Defendant must disclose its contracts with Affinity Logistics.  Defendant seeks to disclose the contracts only after entry of a protective order. Plaintiff argues Defendant's actions in delaying discovery have not been in good faith.

On January 18, 2011, Plaintiff William Harris filed a motion to compel discovery including disclosure of the Affinity Logistics contracts. (Dkt. No. 32.)  In response, Defendant offered no objection but indicated willingness to provide the contracts once a protective order was entered.   Considering Defendant's failure to file a motion for a protective order, the Court ordered Defendant to provide redacted copies of the contracts on March 7, 2011.  (Dkt. No. 39.)

Defendant timely filed a motion for reconsideration along with a belated motion for a protective order.  (Dkt. No. 40 and 42.)  Specifically, Defendant requests the Court no longer require disclosure of redacted contracts without a protective order but instead allow disclosure of unredacted contracts subject to a protective order.   Defendant argues Plaintiff did not explicitly seek to compel production of the vendor contracts.  While the Court finds Defendant's argument undermined by the fact that Plaintiff's motion to compel "respectfully request[ed] that Defendant be ordered to participate in discovery" and attached his discovery request for "the full contract

between Sears and Affinity Logistics Corporation," the Court nevertheless GRANTS Defendant's motions for reconsideration and a protective order. Defendant's argument for reconsideration is a tortured interpretation of Plaintiff's motion to compel, but the Court finds the protective order to be narrowly tailored and compliant with Local Rule 5(g).

The protective order allows parties to freely exchange confidential documents with the assurance that its use be limited to this action. In addition, the protective order expressly recognizes the applicability of Local Rule 5(g) when parties seek to file confidential documents in Court. The Federal Rules of Civil Procedure provides for entry of a protective order "requiring that a trade secret, or other confidential research, development or commercial information, not be revealed or be revealed only a specified way." Fed. R. Civ. P. 26(c)(1)(G). Since the protective order is narrowly tailored, the Court ORDERS Defendant to provide the unredacted contracts within five (5) days of entry of this Order.

With respect to Plaintiff's motion for sanctions, the Court declines to enter default judgment. Rendering a default judgment requires a showing of bad faith and or willfulness. Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412, n.5 (9th Cir. 1990). The Court finds Defendant's actions have not yet risen to the level of bad faith. It appears Defendant only recently realized its response to Initial Disclosures was in error and that no relevant contract existed between Sears and 3PD, Inc. While Defendant should have more closely considered the relevant contract period, default judgment is a drastic sanction reserved for only the most egregious circumstances. Nevertheless, the Court finds it necessary to reiterate its expectation that Defendant fully comply with its Orders and not further delay the discovery process. Defendant repeatedly states the discovery delay was caused by Plaintiff's changing his mind regarding submission of a stipulated protective order. But nothing prevented Defendant from

promptly filing its own motion for a protective order. The Court observes the current discovery dispute could have been avoided by Defendant timely filing its own motion for a protective order. The Court expects parties' to conduct further discovery in a timely and efficient manner.

## Conclusion

The Court GRANTS Defendant's motion for reconsideration and a protective order and DENIES Plaintiff's motion for sanctions.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 17th day of April, 2011.

Marsha J. Pechman
United States District Judge