UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM HARRIS, | CASE NO. C10-1339 MJP |
| Plaintiff, | ORDER ON DISCOVERY MOTIONS |
| v. | |
| SEARS HOLDING CORPORATION, | |
| Defendant. | |

This comes before the Court on Defendant's motion to compel discovery (Dkt. No. 54), Plaintiff's motion for reconsideration (Dkt. No. 57), and Plaintiff's motion to limit his deposition (Dkt. No. 61). Having reviewed the motions, the responses (Dkt. Nos. 58, 63), the reply (Dkt. No. 59), all related filings, and having held oral arguments on June 10, 2011, the Court GRANTS in part and DENIES in part Defendant's motion to compel, DENIES Plaintiff's motion for reconsideration, and DENIES Plaintiff's motion to limit deposition.

**Background**

Plaintiff William Harris ("Harris") is a pro se litigant suing Defendant Sears Holding Co. ("Sears"). Harris claims Defendant wrongfully terminated him from his position as a delivery

contractor in March 2008. (Id.) Harris's claims for breach of contract and promissory estoppels are the only surviving claims after motions to dismiss and summary judgment.

Specifically, Harris alleges he entered into a voluntary agreement with Chris Koenig, a Sears manager, in which Harris agreed to "provide a whole range of services" in exchange for "certain contract protections." (Id. at 2.) Harris believes Sears broke this implied contract when they fired him. In addition, Harris alleges Sears' acting representative, Ricardo Sierra, threatened him with violence if he did not surrender his private delivery truck upon termination. (Id. at 4). Sierra is an employee of 3PD, Inc., a third-party company who manages the relationship between Sears and independent contractors. According to the complaint, Defendant retains possession of the delivery truck. (Id.)

**Discussion**

1. Motion to Compel

Sears's motion to compel discovery is largely moot because Harris has since provided some of the documents Sears requested. Based on Sears's reply brief and oral arguments, however, the following documents remain outstanding: tax documents verifying Harris's income from 2005 to the present, documents related to arbitration proceedings held between 3PD, Inc. and Harris, leasing documents related to Harris's truck, and business licenses and registration materials.

The Court ORDERS Harris to: (1) provide Sears with his tax returns or sign a release allowing Sears to make a request for the information from the IRS, (2) provide Sears with the arbitration documents he has in his possession or sign a release allowing Sears to make a request for the documents from the private arbitrator, and (3) provide Sears with the leasing documents or sign a release allowing Sears to make the request from the lender. Harris must comply with

the Court's Order within seven (7) days of the hearing on oral arguments.  The Court extends the cutoff for discovery by thirty (30) days.  To the extent Sears seeks business licenses and registration, the Court observes those documents are available on the internet.

2. Motion for Reconsideration

Harris believes his claim for tortious interference with contractual relations should be restored because Sears failed to disclose 3PD, Inc. operated under "a very similar type of arrangement" as Harris's arrangement with Chris Koenig.  The Court disagrees and Harris's motion is untimely.  See LR 7(h)(2)(requiring motions for reconsideration be filed within fourteen days after the order to which it relates is filed).

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009)(finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law).

Here, the Court dismissed the tortious interference claim because Harris failed to specify what contractual relationship was interfered with.  It was unclear whether Harris believed Sears interfered with his contract with 3PD, Inc. or if Sears believed Sears breached its own contract with Harris.  Even considering Sears's failure to disclose 3PD's arrangement, it remains unclear what contract Harris refers to.  Harris has failed to demonstrate manifest error.

The Court DENIES Harris's motion for reconsideration.

\\

3. <u>Motion to Limit Deposition</u>

Harris originally sought to limit his deposition. Based on oral arguments, however, the deposition appears to have occurred on Monday, June 6, 2011. The Court DENIES the motion as moot.

**Conclusion**

The Court GRANTS in part and DENIES in part Defendant's motion to compel, as discussed above. To allow the parties time to complete discovery, the Court extends the cut-off for discovery by thirty (30) days. The Court DENIES Plaintiff's motion for reconsideration and motion to limit his deposition.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of June, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge